UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABA CAPITAL MASTER FUND, LTD., and SABA CAPITAL MANAGEMENT, L.P., <br><br>       Plaintiffs, <br><br> -against- <br><br>ASA GOLD AND PRECIOUS METALS, LTD., et al., <br><br>       Defendants. | 24-CV-690 (JGLC) <br><br> **MEMORANDUM OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

  Plaintiffs Saba Capital Management, L.P. and Saba Capital Master Fund, Ltd. filed this action alleging that various shareholder rights plans (otherwise known as "poison pills") adopted by ASA in 2023 and 2024 violated the Investment Company Act of 1940 (the "ICA"). On May 24, 2024, Defendants filed a motion to dismiss, and Plaintiffs filed a motion for summary judgment. ECF Nos. 15, 16, 20, 21. On March 28, 2025, this Court issued an order granting summary judgment to Plaintiffs and denying, as moot, Defendants' motion to dismiss. ECF No. 43 (the "SJ Order"). The SJ Order further concluded that ASA's December 2023 Rights Plan, through continuous extensions, never actually expired, and therefore violated the 120-day limitation imposed by Section 18(d) of the ICA. SJ Order at 15–18; *see* 15 U.S.C. § 80a-18(d). In the SJ Order, the Court expressly "[did] not reach the question of whether successive rights plans, adopted *after* the prior one expired, violates the 120-day requirement." *Id.* at 15. As a result, and consistent with the ICA's mandate, the Court rescinded the then operative rights plan by ASA, implemented Plaintiffs' requested declaratory relief, and directed that this case be closed. *Id.* at 18–20.

On March 31, 2025—the very next business day following the Court's March 28 order—ASA instituted a substantively similar poison pill. Plaintiffs then filed the instant motion, arguing that ASA's latest adoption of a rights plan violated the SJ Order, and seeking to "enforce" the SJ Order by having the Court sanction ASA. ECF Nos. 46, 47 ("Mem."). In the alternative, Saba requests that this Court amend its prior judgment pursuant to Federal Rule of Civil Procedure 59(e) so as to rescind the March 2025 poison pill. Mem. at 9–10. For the reasons set forth below, the Court DENIES Plaintiffs' motion.

## BACKGROUND[1]

Given the recent issuance of the SJ Order, the Court assumes the parties' familiarity with the relevant facts and procedural history. The Court therefore only provides a brief recitation of this history that is relevant to Plaintiffs' instant motion. In addition, for the sake of efficiency, the Court primarily cites to the portion of the SJ Order which considered and summarized the underlying record materials and undisputed facts.

ASA is a non-diversified, closed-end investment company registered under the ICA. SJ Order at 3. Saba is an investment fund manager who steadily increased its ownership interest in ASA through the second half of the 2023 fiscal year from 5% to over 15%. *Id.* at 4–5. In response to Saba's increasing ownership interest, on December 31, 2023, ASA issued a poison pill designed to "prevent Saba's unilateral attempt to obtained creeping control" of ASA. *Id.* at 5–6. On April 26, 2024—just a few days before the December Rights Plan was set to expire—ASA adopted another poison pill which it described as "substantively identical" to the December

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted. In addition, any capitalized terms herein shall be construed to have the same meaning as defined in the SJ Order.

Rights Plan both in substance and in purpose. *Id.* at 6. This newly adopted April Rights Plan was set to expire at the close of business on August 23, 2024. *Id.*

Also, on April 26, 2024, Saba elected two of its nominees to the ASA board of directors, and in response, ASA's board formed a "Rights Plan Committee" consisting of only the two non-Saba directors. Thereafter, the Rights Plan Committee adopted substantively identical poison pills as the original December 2023 Rights Plan. The next one was adopted on August 22, 2024—and set to expire at the close of business on December 19, 2024—and the next on December 19, 2024, which was set to expire at the close of business on April 18, 2025. *Id.* at 7. All of these subsequent Rights Plans were similarly adopted during the pendency of the prior Rights Plan, meaning the prior Rights Plan did not expire before the subsequent Plan was approved by the Rights Plan Committee. *Id.*

Plaintiffs commenced this action on January 31, 2024, pursuant to the Investment Company Act of 1940, alleging the Rights Plans were unlawful and seeking recission and declaratory judgment. ECF No. 1. On May 6, 2024, Plaintiffs filed an Amended Complaint asserting similar claims and removing a defendant. ECF No. 12. On May 24, 2024, Defendants filed a motion to dismiss (ECF Nos. 20, 21) and Plaintiffs filed a motion for summary judgment (ECF Nos. 15, 16).

On March 28, 2025, the Court, through the SJ Order, rescinded the then existing ASA rights plan, directed judgment be entered in Saba's favor, and ordered the case to be closed. SJ Order at 20. Judgment was then entered by the Clerk of Court. ECF No. 44. ASA adopted another poison pill on the next business day, and Saba's instant motion to "enforce" (or, in the alternative, to amend judgment) followed. ECF Nos. 46, 47 ("Mem.").

**DISCUSSION**

While Saba has titled the instant motion as a "motion to enforce," in actuality, Saba's motion requests that the Court impose sanctions on ASA for allegedly violating the SJ Order, or, in the alternative, that the Court amend the prior judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Court first considers whether the latest poison pill that ASA adopted violates the SJ Order and accompanying judgment. The Court concludes that it does not because the SJ Order conclusively terminated the December 2023 Rights Plan, and so the latest poison pill does not serve to directly extend it. The Court then considers whether, and ultimately declines, to amend the judgment because doing so would require the Court to make a determination based on issues and facts that were not before it in rendering the original judgment. Saba's motion is therefore DENIED.

**I.      ASA Has Not Violated the SJ Order**

Saba asks that the Court find ASA in contempt of the SJ Order. "Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). "A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016).

Here, Saba has not, and cannot, furnish "clear and convincing" evidence of ASA's noncompliance with the SJ Order. The SJ Order found that the then existing Rights Plan, which ASA adopted in December 2024, violated the ICA because it served to unlawfully extend the original December 2023 Rights Plan. SJ Order at 16–18. The Court, in reaching this conclusion,

4

noted that "each Rights Plan was not distinct in form or substance . . . [and] *was adopted during the pendency of the prior plan*, such that [the December 2023 Rights Plan] never actually expired." SJ Order at 18 (emphasis added). Because the Court rescinded the then operative Rights Plan, the subsequent poison pill that ASA adopted on March 31, 2025 did not "extend" the December 2023 Rights Plan. Instead, the Court's rescission ensured the December 2023 poison pill's expiration. Therefore, the latest March 2025 poison pill was not adopted during the pendency of its predecessor, thus placing it outside the factual circumstances underlying and considered by the SJ Order.

In light of this factual difference, in order for ASA to have violated the SJ Order, this Court would need to construe the SJ Order as precluding ASA from subsequently adopting *any* further poison pill at all, at any point in the future, with respect to Saba. The Court declines to reach this result, particularly given that the SJ Order expressly noted that the Court did not "reach the question of *whether successive rights plans, adopted after the prior one expired*, violates the 120-day requirement." SJ Order at 15 (emphasis added). To find in favor of Saba on this issue would require the Court to answer the very question it previously determined it need not reach. Accordingly, the Court does not conclude that ASA violated the SJ Order or accompanying judgment, and the SJ Order cannot be "enforced" so as to cover, and require the rescission of, the latest March 2025 poison pill.

## II.     The Court Declines to Amend the Prior Judgment Pursuant to Rule 59

In the alternative, Saba moves this Court, pursuant to Rule 59(e), to amend the prior judgment "to rescind the latest March 31, 2025 rights plan as well." Mem. at 9. Rule 59(e) of the Federal Rules of Civil Procedure provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). A court may grant a Rule 59(e) motion "only when the movant identifies an intervening change of controlling

5

law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020). It is an "extraordinary" remedy "to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017). Here, Saba appears to point to "new" evidence (the latest poison pill) and the need to avoid "manifest injustice" as grounds for an amendment. Mem. at 9. The Court addresses each in turn.

First, the Court cannot amend the judgment based on the "new evidence" Saba presents regarding the latest poison pill. The Second Circuit has made clear that "to prevail on a motion for relief from a judgment on the grounds of newly discovered evidence, a party must establish" among other things that "the newly discovered evidence was of facts that existed *at the time of trial or other dispositive proceeding*." *Metzler*, 970 F.3d at 146–47 (emphasis added); *see also United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (same); *accord Alicea v. Machete Music,* 744 F.3d 773, 781 (1st Cir. 2014) (similar). Therefore, evidence and facts that have come into existence *after* the original judgment cannot then be used to vary the terms of that judgment. Here, the evidence regarding the new poison pill came into existence after the judgment in this case and amounts to new factual circumstances altogether.

Second, the Court is not persuaded that amending the judgment is necessary to prevent manifest injustice. "Manifest injustice is defined as an error committed by the trial court that is direct, obvious, and observable." *Hines v. BMG Rts. Mgmt. (US) LLC*, 711 F. Supp. 3d 200, 205 (S.D.N.Y. 2024), *appeal withdrawn sub nom. Hines v. Warner Chappell Music Inc.*, No. 24-442, 2024 WL 3895272 (2d Cir. July 25, 2024). The Court made no such error. Saba is correct that the SJ Order found that the ICA presumably would not permit a closed-end investment company to remain in a rights plan state *ad infinitum*, and that Section 18(d) intended to limit the *durational*

existence of subscription rights plans. SJ Order at 16. But the Court specifically made this observation in rejecting ASA's contention that continuously adopting poison pills, even if the prior one had not expired, did not offend the ICA merely because each was *set to expire* after 120 days. In other words, the SJ Order only held that an individual poison pill which is *set* to expire after 120 days may nonetheless violate the ICA under certain conditions: namely, if it is adopted during the pendency of another poison pill such that it extends the original beyond 120 days.

To be sure, one could reasonably argue that the same logic supports the separate conclusion that successive rights plans—each adopted close in time and nearly identical in form, after the prior one expired—also violate the ICA. But the Court previously decided, based on the facts then before it, that it did not need to answer this specific question. *See United States v. Schultz*, 333 F.3d 393, 407 (2d Cir. 2003) ("Our failure to address a question that is not necessary to the outcome of a case is simply a wise exercise of our discretion."). And the Court declines to do so now, under the guise of Rule 59, by reference to new facts that arose only after the Court's judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is DENIED. The Clerk of Court is respectfully directed to terminate ECF No. 46, and this case remains CLOSED.

Dated: April 15, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge